# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ELVIS JONES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV408-095 |
| | ) |
| AL ST. LAWRENCE; McARTHUR HOLMES; J. WAELEN; CORPORAL TAYLOR; and UNIT MANAGER BRYANT, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Elvis Jones filed a habeas corpus petition with this Court on May 16, 2008. (Doc. 1.) Because his petition attacked the conditions, rather than the fact or duration, of his confinement, the Court converted his petition to an action filed under 42 U.S.C. § 1983 and ordered him to submit the forms for bringing a § 1983 action. (Doc. 2.) Jones complied with the Court's order, and on July 10, 2008 he was granted leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees

from Trust Account form within thirty days of the order. (Doc. 8.) As Jones has returned both forms, the case is now ready to proceed.

## I. LEGAL FRAMEWORK

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures governing civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which the prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id.; see 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e. Therefore, the Court will examine Jones' complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

## II. BACKGROUND FACTS

Jones alleges that on May 7, 2008, Deputy Sheriff J. Waelen incited inmates under her supervision to attempt to discipline him and another inmate for questioning her about dispensing razors. (Doc. 4 at 5.)[1] He asserts that Waelen's provocation caused those inmates to approach his cell and threaten his life while Waelen "stood by and ignored the threats." (Id.) Jones contends that Waelen recognized that her actions would likely cause him harm. Eventually, Corporal Taylor arrived and relocated Jones and the other threatened inmate to new units in order to ensure their safety. (Id.)

Jones contends that after the May 7th incident, Waelen filed a disciplinary report against him asserting that he had incited other inmates against her, disobeyed her orders, and threatened her. (Id.) He asserts that the ensuing disciplinary hearing was conducted unfairly since: (1) he was not permitted to call witnesses to testify on his behalf, (2) he was not permitted to face his accuser, and (3) Corporal Taylor lied on her incident report. (Id.) Following the hearing, Jones was sentenced

---

[1] Jones filed two nearly identical complaints in this case. (See Docs. 4 & 6.) Although there are small differences between the two, none of the differences are material. Accordingly, for ease of citation, the Court will refer only to Doc. 4.

3

to fifteen days in solitary confinement. (Id. at 5-6.) He states that he tried to appeal the disciplinary decision and filed two grievances related to it but that no one ever responded to his requests for relief. (Id. at 3-5.) Once released from solitary confinement, Jones was placed in protective custody and has been there ever since. (Id. at 6.) On May 16, 2008, Jones filed this action, naming Sheriff Al St. Lawrence, McArthur Holmes, Unit Manager Bryant, J. Waelen, and Corporal Taylor as defendants. (Id. at 1, 6.)

## III. ANALYSIS

### A. Supervisory Liability

Jones asserts that Sheriff Al St. Lawrence, McArthur Holmes, and Unit Manager Bryant are liable to him because they "are responsible for the acts of their employees and the safe keep [sic] of inmates in their custody." (Doc. 6 at 5.) Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, a plaintiff must demonstrate either that the individual defendant directly participated in the alleged

4

constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Jones does not allege that any of the above three defendants directly participated in the alleged constitutional deprivations. Nor does he allege that any of those officials implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Accordingly, Jones' claims against these supervisory officials should be dismissed.

### B. Inciting Inmates

Jones alleges that Deputy Waelen incited other inmates to threaten his life and stood idly by while they did so. Although he does not contend that he has suffered any physical harm as a result of defendant's actions, he asserts that he remains in protective custody and specifically claims that Waelen knew that her actions were likely to cause him harm.

5

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison.[2] Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). To state a claim for violation of the Eighth Amendment, a prisoner must allege facts sufficient to satisfy both an objective and subjective inquiry regarding a prison official's conduct. Farmer, 511 U.S. at 834; Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "[U]nder the 'objective component,' a prisoner must [allege] that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler, 379 F.3d at 1289. "The challenged condition must be 'extreme'" and must pose "an unreasonable risk of serious damage" to the prisoner's future health or safety. Id. (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992) and Helling, 509 U.S. at 35). To satisfy the "subjective" component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. The deliberate indifference standard "is

---

[2] Jones may have been a pre-trial detainee at the time of the alleged incident. (Doc. 4.) If so, his claims technically are for violation of his substantive due process rights under the Fourteenth Amendment. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). But as "the standards under the Fourteenth Amendment are identical to those under the Eighth," id., the Court will look to Eighth Amendment jurisprudence in analyzing his claim.

satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Rather, an official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate heath or safety" and is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws the inference. Id. at 837; Chandler, 379 F.3d at 1289-90.

The Eighth Amendment proscription against cruel and unusual punishment requires prison officials to take reasonable measures "'to protect prisoners from violence at the hands of other prisoners.'" Farmer, 511 U.S. at 833 (citation omitted); see Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) ("Prisoners have a constitutional right to be protected from violence while in custody."). A prison official who endangers the life or safety of a prisoner by prompting other inmates to injure him necessarily violates the Eighth Amendment, for suffering physical assaults while in prison is not "'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 833 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). When a prison guard incites other prisoners to beat a fellow inmate, "it is as if

7

the guard himself inflicted the beating as punishment." Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992).

In asserting a failure-to-protect claim under the Eighth Amendment, a prisoner must advance factual allegations sufficient to support the inference that he faces "a substantial risk of serious harm" (the objective component) and that the responsible prison official intended that he be harmed or was at least consciously indifferent to the prisoner's safety (the subjective component). Farmer, 511 U.S. at 834; Chandler, 379 F.3d at 1289. If either the objective or subjective component of a conditions-of-confinement claim is lacking, the prisoner has failed to state a claim for relief under the Eighth Amendment and therefore has no right to proceed with his action or have the court direct service of his complaint upon the defendant. See, e.g., Hernandez v. Florida Dep't of Corrs., No. 07-15147, 2008 WL 2345142 (11th Cir. June 9, 2008) (per curiam) (unpublished) (prisoner attacked by other inmates who were told that he was a sexual offender did not meet the *subjective* element of an Eighth Amendment claim, as he failed to allege facts establishing deliberate indifference on the part of the defendant prison officials); Dawes v. Walker, 239 F.3d 489, 494 (2d Cir. 2001) (prisoner

8

who alleged that correctional officer sought to incite another inmate to attack him failed to allege facts supporting the *objective* element of an Eighth Amendment claim, as his complaint was devoid of factual allegations giving rise to an inference that he actually faced a serious threat to his safety), overruled on other grounds, Swierkiwicz v. Sorema N.A., 534 U.S. 506 (2002).

Numerous courts—including the Eleventh Circuit—have recognized that inciting other inmates to harm a prisoner, such as by labeling the prisoner a "snitch" or informant, has the potential for great harm and may constitute a violation of the Eighth Amendment. Benefield v. McDowall, 241 F.3d 1267 (10th Cir. 2001) (allegation that corrections officer deliberately exposed inmate to harm at the hands of other inmates after labeling him a "snitch" was sufficient to state a violation of the inmate's Eighth Amendment rights); Northington, 973 F.2d at 1525 (allegation that guard intended to harm inmate by inciting other inmates to beat him because he was a "snitch" stated an Eighth Amendment claim); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (allegation that guards labeled prisoner a "snitch" with the intent of having him harmed by other inmates supported a cause of

9

action under § 1983 for violation of the inmate's constitutional rights); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam) (allegation that correctional officer endangered prisoner's life by telling other inmates that he was a snitch, thereby exposing him to the possibility of inmate retaliation, stated a claim for relief); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B 1981) (when prison officials are aware of a danger to an inmate's health or safety due to his "snitch" status, they violate the Eighth Amendment proscription against cruel and unusual punishment by failing to afford that inmate reasonable protection); Wheeler v. North Dakota, No. 1:07 CV075, 2008 WL 53544 (D. N.D. Jan. 2, 2008) (on initial screening pursuant to 28 U.S.C. §1915A, prisoner allowed to proceed with a claim that prison staff identified him as an informant or "snitch," thus making him a target for retaliation); Haywood v. Woods, No. 9:01 CV225, 2007 WL 1834641 (N.D.N.Y. June 25, 2007) (allegation that prison officials labeled inmate as an informant, causing him to be threatened and have human waste thrown at him, and resulting in the extortion of his food and the loss of his daily recreation, stated an Eighth Amendment claim); Ascherman v. Catt, No. IP W0-1330-C H/K, 2003 WL 1562213 (S.D. Ind. Feb. 26, 2003) (awarding

damages to a prisoner who was beaten after corrections officials identified him as a snitch to other inmates and were deliberately indifferent to a serious threat to his safety). As the Eleventh Circuit made clear in <u>Harmon</u>, a prisoner's allegation that a correctional officer has endangered his life by exposing him to a real threat of inmate retaliation is "sufficient to carry [the] cause of action through the service of process stage." <u>Harmon</u>, 728 F.2d at 1409.

In this case Jones alleges at least the rudiments of an Eighth Amendment claim. He specifically asserts that Deputy Waelen "incited inmates under her supervision to attempt to discipline" him, causing those inmates to approach his cell and "threaten[] his life." (Doc. 4 at 5.) He further alleges that Waelen "knew her action would harm [him] and stood by and ignored the threats." (<u>Id.</u>) As a result of Waelen's actions, Jones indicates that he was relocated to a new unit for his own safety and now remains in protective custody. (<u>Id.</u> at 5, 6.) Jones satisfies the objective component of an Eighth Amendment prison-conditions case by alleging that his life was actually endangered by the defendant's conduct. He satisfies the subjective component of an Eighth Amendment claim by alleging that the defendant had a "sufficiently culpable state of mind" in

that she knew of and disregarded—indeed, that she intentionally created—an excessive risk to his safety. Most courts have recognized that the Eighth Amendment reaches official conduct "that 'is sure or very likely to cause' serious injury at the hands of other inmates," Benefield, 241 F.2d at 1272 (quoting Helling v. McKinney, 509 U.S. 25, 33 (1992)), even when such injury has yet to occur at the time prisoner files his complaint. Benefield, 241 F.3d at 1271-72; Harmon, 728 F.2d at 1408; Wheeler, 2008 WL 53544 at *4; Haywood, 2007 WL 1834641 at *8.[3] At this stage of the case, the Court must accept the well-pled factual allegations of the complaint as true and liberally construe them in light most favorable to the plaintiff. Erickson v. Pardus, 127 S. Ct. 2197, 2200

---

[3] The Seventh Circuit has taken a different view, reasoning that "an inmate who suffers only a risk of physical harm [without actually suffering any injury resulting from being labeled a snitch] has no compensable claim under the Eighth Amendment." Saunders v. Tourville, 97 F. App'x 648, 649 (7th Cir. 2004) (citing Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996)). The Seventh Circuit's position simply cannot be reconciled with the Eleventh Circuit's decision in Harmon that tagging an inmate as a snitch, thereby exposing him to the possibility of inmate retaliation, is sufficient "on its face . . . to carry this cause of action through the service of process stage." 728 F.2d at 1408. Further, it is difficult to reconcile the Seventh Circuit's position with the Supreme Court's holding that a prisoner satisfies the objective component of an Eighth Amendment claim by establishing "that he is incarcerated under conditions supporting a substantial *risk* of serious harm." Farmer, 511 U.S. at 834 (emphasis added); see Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (inmate need not await a tragic event before seeking relief under the Eighth Amendment; he need only show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety).

(2007); Benefield, 241 F.3d at 1270; see Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.").[4] Accepting the truthfulness of Jones' allegations that defendant has endangered his life by encouraging other inmates to do him harm, the Court finds that Jones has stated a colorable Eighth Amendment claim against defendant Waelen.

While the failure to plead any actual physical injury precludes Jones from recovering compensatory damages, the Eleventh Circuit has "held unambiguously that a plaintiff whose constitutional rights are violated is entitled to nominal damages even if he suffered no compensable injury." Slicker v. Jackson, 215 F.3d 1225, 1231-32 (11th Cir. 2000) (in context of Fourth Amendment violation).[5] In demanding that he be "compensated" for the violation of his constitutional rights,

---

[4] The standards governing dismissals under Rule 12(b)(6) apply to the initial review of prisoner complaints under the PLRA provisions requiring immediate dismissal of claims that are legally insufficient. Alba v. Montford, 517 F.3d 1249, 1251 (11th Cir. 2008); accord Mayfield v. Texas, 529 F.3d 599, 617 (5th Cir. 2008).

[5] The Eleventh Circuit has held "that the request for nominal damages is not automatic in an Eighth Amendment excessive force case" and that a plaintiff may waive his entitlement to such damages by failing to seek them. Oliver v. Falla, 258 F.3d 1277, 1282 (11th Cir. 2001). That principle, however, has been limited to situations where a plaintiff fails to request nominal damages in his jury instructions in a case that actually goes to trial. Virdi v. DeKalb County Sch. Dist., 216 F. App'x 867, 873 (11th Cir. 2007). It does not apply at the pleading stage.

Jones' complaint can be liberally construed to request nominal (and, conceivably, punitive) damages against defendant for jeopardizing his safety. Hughes v. Lott, 350 F.3d 1157, 1162-63 (11th Cir. 2003); see Thompson v. Carter, 284 F.3d 411, 416-18 (2d Cir. 2002); Dawes, 239 F.3d at 496-97 (separate opinion by Walker, J.); Haywood, 2007 WL 1834641 at *12 n.14.

### C. Disciplinary Proceeding

Jones' allegations surrounding his disciplinary proceedings fail to state a claim. In order to find a deprivation of due process, a plaintiff must first show the requisite liberty interest. Washington v. Glucksberg, 521 U.S. 702, 719-21 (1997). A prisoner has a liberty interest, the deprivation of which requires due process, in two situations. The first arises directly from the Due Process Clause itself, "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court." Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999). The second arises from a state law creation of a liberty interest, "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life.'" Id. at 1291 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

As a result of the disciplinary charges filed against him, Jones was placed in solitary confinement for fifteen days. He has not alleged that being placed in solitary confinement adds to the sentence imposed against him. In addition, Jones has not demonstrated that his discipline in segregated confinement presents "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 486; Thomas v. Warner, 237 F. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's 20 days in isolation was not an excessive, atypical or significant hardship that would implicate the Due Process Clause."). Accordingly, he has failed to state a claim regarding the supposed inadequacies of his disciplinary proceedings. Because Jones' only possible claim against Corporal Taylor concerns her alleged dishonesty on a disciplinary report and, therefore, fails to state a claim, she should be dismissed from this suit. See Asad v. Bush, 170 F. App'x 668, 672 (11th Cir. 2006) (inmate's claim that prison officials filed false disciplinary report and failed to accord him procedural due process during disciplinary hearing failed to state a claim); Palmisano v. Bureau

of Prisons, 258 F. App'x 646, 648 (5th Cir. 2007) ("No relief is warranted on the claim of a false disciplinary report."); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of false disciplinary report against inmate is not itself actionable).

### D. Grievance Procedures

To the extent that Jones contests the adequacy of jail grievance procedures by challenging the fact that he never received a response to either of his grievances, his complaint fails to state a claim for relief. (Doc. 4 at 5.) Prison grievance procedures are not constitutionally mandated. Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding that the Constitution creates no entitlement or access to grievance procedures). Since these procedures are not mandated, they do not create a liberty interest that can give rise to a due process violation. See Baker, 159 F. App'x at 62. Accordingly, plaintiff's claims relating to the adequacy of prison grievance procedures are without merit.

## IV. CONCLUSION

Jones' abbreviated complaint, when read liberally in his favor (as it must be), alleges that Deputy Waelen deliberately incited other inmates

to injure him, thus exposing him to a substantial risk of serious harm that required other prison officials to take remedial measures to prevent from occurring. Such conduct by a prison official violates the Eighth Amendment. The Clerk, therefore, is DIRECTED to forward a copy of the complaint to the United States Marshal for service upon Deputy J. Waelen. As Jones has failed to state a claim for relief against the remaining defendants, it is recommended they be DISMISSED from this action.

**SO REPORTED AND RECOMMENDED** this  6th  day of October, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
