# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ELVIS JONES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV408-95 |
| ) | |
| J. WAELEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On December 5, 2008, the Court directed 42 U.S.C. § 1983 civil rights plaintiff Elvis Jones, Jr. to litigate his claims following the Court's dismissal of his case against all defendants except "J. Waelen." Doc. 17. The Court also directed the Marshal to serve Waelen.[1] *Id.* The Marshall filed a Process Receipt and Return stating "Process returned. Spoke to Human Resources. No one by that name ever employed there at [the Chatham County Jail]. 4/1/09." Doc. 20 (filed April 1, 2009).

Because the 120-day period for perfecting service under Fed. R. Civ.

---

[1] Plaintiff is proceeding in forma pauperis, which entitles him to have service effected by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3); *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990).

P. 4(m) had long since expired, the Court advised Jones "of the service difficulty and . . . afford[ed] him an opportunity to furnish sufficient information to the marshal to perfect service upon defendant before dismissing this action for failure to effect timely service." Doc. 23 at 2-3. And, like any party, the Court reminded him that he could use appropriate discovery devices in order to locate a defendant whose address is unknown. *Id.* Furthermore, if he in good faith opted to use discovery, he was free move this Court to extend its current thirty-day deadline upon a showing of good cause. *Id.*

Next, the Court directed plaintiff to provide the Court with Waelen's full name. Further, if he believed that Waelen had moved onto another position, then he must furnish the Court with an alternate address where Waelen may be served. Finally, the Court warned plaintiff that if he failed to comply within thirty days of the date the Court's last Order was served, Rule 4(m) dismissal would be recommended. *Id.*

As if often the case with *pro se* litigants, Jones now moves the Court for more time to achieve the above task, but he fails to state *how*

2

*much* time. Doc. 24. He furnishes a copy of his January 17, 2010 letter to "Sheriff Al saint Lawrence [sic]," *id.* at 4, whom he perceives to be Waelen's last employer, and he asks this Court to name St. Lawrence as a defendant under what amounts to a *respondeat superior* basis Jones reasons that, as Waelen's boss, Lawrence is responsible for her acts -- but *respondeat superior* based liability is not recognized in 42 U.S.C. § 1983 cases.[2]

The Court **DENIES** plaintiff additional time and recommends that his case be **DISMISSED WITHOUT PREJUDICE**. Jones is no stranger to this Court. *See Jones v. St. Lawrence*, 2009 WL 82185 (S.D. Ga. Jan. 9, 2009) (civil rights action dismissed without prejudice as a sanction for misleading this Court); *Jones v. St. Lawrence*, 2009 WL 690595 (S.D. Ga. Mar. 16, 2009) (dismissing "Writ of Habeas Corpus" filing without prejudice). He was told he could invoke discovery (thus,

---

[2] Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998).

3

for example, Fed. R. Civ. P. 45 subpoenas -- with this Court's authorization -- on third parties) and yet he did not. Instead, he simply wrote one individual a letter and has decided on his own that various individuals are simply remaining uncooperative to thwart his rights. Doc. 24 at 5 ("Plaintiff alleges that those officers [to whom he implicitly wrote via his Lawrence letter] loyal to [Waelen] are interfering with the serving of the complaint by United States Marshals").

For that matter, other than approving subpoenas and directing Marshal service efforts for the incarcerated, this Court does not assist even *pro se* litigants in their litigation efforts. With over a year now elapsed, Jones has had more than enough time to litigate his case. It is now time to bring this matter to a close.

**SO REPORTED AND RECOMMENDED,** this __22nd__ day of February, 2010.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA